# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-8765 DMG (MRW) | Date | October 18, 2019 |
| Title | Satcher v. Woods | | |

| | |
|---|---|
| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge |
| Veronica Piper | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys for Plaintiff: | Attorneys for Defendant: |
| n/a | n/a |

**Proceedings:** ORDER TO SHOW CAUSE RE: DISMISSAL

    1. This is a civil rights action involving a state prisoner. The Court granted Plaintiff leave to proceed <u>in forma pauperis</u>. Pursuant to 28 U.S.C. § 1915A(a), the Court reviewed the complaint to determine whether it should be dismissed for failure to state a claim upon which relief may be granted.

    2. The Court's primary, preliminary concern is whether Plaintiff's claims are untimely and therefore barred by the relevant statute of limitations. Plaintiff is ordered to show cause why the action should not be summarily dismissed on this basis.

* * *

    3. Plaintiff alleges that several correctional officers at the state prison in Lancaster retaliated against him for appealing the denial of a transfer to a different facility. The complaint identifies two separate acts of retaliation.

    4. The first is that officers threatened to send Plaintiff to a higher security yard and placed him in disciplinary detention (confined to quarters, or CTQ status). That occurred on July 28, 2015. (Complaint at ¶¶ 10-11.) Second, Plaintiff alleges that he was actually sent to a higher level yard at the Lancaster prison "for retaliatory and arbitrary reasons." The transfer was on August 27, 2015. (Complaint at ¶ 20.)

    5. The complaint alleges that Plaintiff filed additional grievances and administrative appeals against prison staff owing to the transfer and disciplinary detention. However, Plaintiff presents no allegation of other misconduct or actions in violation of Plaintiff's rights that sound in retaliation after the July and August 2015 incidents.

6. Plaintiff appears to have signed and submitted his complaint for filing in this federal court on October 1, 2019. That's more than four years after the allegedly tortious conduct described in the complaint.

\* \* \*

7. Federal civil rights claims are subject to the forum state's statute of limitations for personal injury torts. Wilson v. Garcia, 471 U.S. 261, 279-80 (1985); Marks v. Parra, 785 F.3d 1419 (9th Cir. 1986); Canatella v. Van de Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007). Under California Code of Civil Procedure § 335.1, the limitations period for such an action is two years. Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004); Jackson v. Barnes, 749 F.3d 755, 761 (9th Cir. 2014) ("the applicable statute of limitations under California law is two years" for Section 1983 claim).

8. In addition, federal courts must give effect to a state's tolling provisions, including the tolling of a state statute of limitations during imprisonment. Douglas v. Noelle, 567 F.3d 1103, 1009 (9th Cir. 2009). California Code of Civil Procedure § 352.1(a) provides a maximum tolling period of two years for a plaintiff in custody.

9. In total, then, an incarcerated or committed inmate's civil rights claim must typically be brought within four years of the alleged infringement. Jackson v. Fong, 870 F.3d 928, 936 (9th Cir. 2017); McClellan v. Lozano, 773 F. App'x 942, 943 (9th Cir. 2019) (same).

10. Under federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). A federal court may dismiss an action as time-barred based on the face of the complaint. Sinyan v. Swedish Hospital Medical Ctr., 482 F. App'x 209, 211 (9th Cir. 2012) (affirming dismissal of untimely claims of pro se litigant); Harris v. City of Vista, 402 F. App'x 267 (9th Cir. 2010) (same).

11. A plain reading of Plaintiff's complaint establishes that, even if his claims against the officers state a legitimate cause of action, the action is untimely on its face. Plaintiff was clearly aware of the adverse actions (CTQ status, transfer) in real time that allegedly constituted retaliation for his earlier protected conduct. TwoRivers, 174 F.3d at 991. That alleged retaliation occurred in July and August 2015. Yet, he waited more than four years to initiate this federal action. Jackson, 870 F.3d at 936; McClellan, 773 F. App'x at 943. His continued acts to present and exhaust new claims in the prison

administrative system do not affect the timeliness of when his underlying claims (a) accrued and (b) needed to be presented in federal court.

\* \* \*

12. Plaintiff is therefore ordered to show cause why the action should not be dismissed as untimely on its face. Plaintiff may discharge this order by submitting a statement (not to exceed five pages) explaining why he contends that his action is timely as a matter of law. Plaintiff's statement will be due by November 12.

13. After the Court reviews the statement, it will determine whether to serve the complaint on the defense, solicit a further response from Plaintiff, or recommend the dismissal of the action in its entirety.

**Failure to comply with this order will result in a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b). <u>Applied Underwriters, Inc. v. Lichtenegger</u>, 913 F.3d 884 (9th Cir. 2019).**