# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

MELVIN SATCHER,

    Plaintiff,

v.

C. WOODS, et al.,

    Defendants.

Case No. CV 19-8765 DMG (MRW)

**ORDER DISMISSING ACTION WITH PREJUDICE**

The Court dismisses the action with prejudice for failure to prosecute and for failure to respond to court orders.

\* \* \*

1. This is a civil rights action involving a state prisoner. Plaintiff Satcher alleges that several correctional officers at the state prison in Lancaster retaliated against him for appealing the denial of a transfer to a different facility.

2. Magistrate Judge Wilner screened Plaintiff's complaint. 28 U.S.C. § 1915A. [Doc. # 5.] Judge Wilner noted that the events described in the complaint occurred more than four years before the commencement of the federal action. That appeared to render the action untimely on its face as a

matter of state and federal law. (Id. at 2 (citing CCP §§ 335.1, 352.1, and federal case law).)

3. Judge Wilner ordered Plaintiff to submit a supplemental statement why the action should not be dismissed as untimely. Plaintiff failed to file a timely response.

4. Judge Wilner then issued an order to show cause why the action should not be dismissed for failure to prosecute or to obey court orders. [Doc. # 6.] The order specifically informed Plaintiff that his action was subject to dismissal under Federal Rule of Civil Procedure 41. The order also cited the Ninth Circuit's recent opinion (Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884 (9th Cir. 2019)) regarding dismissal of civil actions. Again, Plaintiff failed to file a response.

5. To date, Plaintiff has not filed anything in this Court since commencing the action.

* * *

6. Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).

7. Rule 41(b) authorizes a court to dismiss a civil action when a plaintiff has not filed a required pleading "after being given leave to do so and has not notified the court of his intention not to file" that document. Harris v. Magnum, 863 F.3d 1133, 1142 (9th Cir. 2017). Rule 41(b) applies when a court "mandate[s] the filing" of a pleading and "indicate[s] that failure to do so would result in dismissal" under the rule. Applied Underwriters, 913 F.3d at 892.

8. A district court must consider a variety of factors before dismissing an action under Rule 41(b). They are: the public's interest in the expeditious

resolution of litigation; the court's need to manage its docket; the risk of prejudice to defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic alternatives to dismissal. <u>Omstead v. Dell, Inc.</u>, 594 F.3d 1081, 1084 (9th Cir. 2010); <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 986 (9th Cir. 1999).

* * *

9. In the present action, dismissal is appropriate. Plaintiff did not respond to any of the magistrate judge's orders directing Plaintiff to address a patent defect with the complaint in the action. Plaintiff's failure to respond to the Court's orders demonstrates that he has no interest in advancing the action on the merits of his claim.

10. By contrast, the Court, the defense, and the public have a strong interest in terminating this action. Furthermore, because Plaintiff is a <u>pro se</u> litigant who has not abided by the Court's recent orders, no sanction short of dismissal will be effective in moving this case forward. <u>Omstead</u>, 594 F.3d at 1084. The Court finds that dismissal is appropriate under Rule 41(b). <u>Applied Underwriters</u>, 913 F.3d at 892.

11. Accordingly, the above-captioned action is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED: March 17, 2020

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE